# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MIGUEL PRINCIPE,**
 Plaintiff, Counter-Defendant,

 v.

**M 2 M GLOBAL CORP., et al.,**
 Defendants, Counter-Plaintiffs

**INSIGHT COMMUNICATIONS CORP., et al.,**
 Third Party Plaintiffs,

 v.

**OLYMPIC AGENCY, INC,**
 Third Party Defendant.

Civil No. 17-2262 (ADC)

## OPINION AND ORDER

Before the Court are: (1) plaintiff Miguel Príncipe's ("Príncipe") motion to dismiss the counterclaim, **ECF No. 17**; (2) defendants' opposition to the motion to dismiss the counterclaim, **ECF No. 20**, (3) third-party defendant Olympic Agency, Inc.'s ("Olympic") motion for judgment on the pleadings, **ECF No. 38**;[1] and third-party plaintiffs' response to Olympic's motion for judgment on the pleadings, **ECF No. 43**. The Court now **DENIES** Príncipe's motion to dismiss

---

[1] Plaintiff Príncipe "has no objection to the dismissal of the Third-Party Complaint." **ECF No. 39**.

the counterclaim, **ECF No. 17**, and **DENIES** Olympic's motion for judgment on the pleadings, **ECF No. 38**.

I.  **Factual and Procedural Background**

On October 27, 2017, Príncipe filed a complaint against M 2 M Global Corp. ("M2M"), Insight Managing Solutions ("Insight"), Corp.; Insight Technologies, Corp.; Insight Communications Corp.; Víctor García-Porrata; Neftalí Bernard-Rosado; Traksecure Corp.; and unknown defendants. **ECF No. 1**. The complaint alleges that the defendants: violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, as amended by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-1168, by failing to provide Príncipe with the required notice of entitlement to continued health coverage upon his termination of employment with defendants; improperly deprived Príncipe of employment benefits by classifying Príncipe as an independent contractor instead of an employee; owe Príncipe salary and commissions because they breached their contract with Príncipe; and owe Príncipe damages under ERISA, COBRA, and several Puerto Rico laws.[2]

On December 18, 2017, defendants M2M, Insight Managing Solutions Corp., Insight Technologies Corp, Insight Communications Corp., Victor García-Porrata, and Neftalí Bernard-

---

[2] Príncipe invokes the Court's federal-question jurisdiction over his ERISA and COBRA claims. Príncipe also invokes the Court's supplemental jurisdiction, 28 U.S.C. § 1367, over the Puerto Rico law claims, which include Puerto Rico Law No. 80 ("Law 80"), P.R. Laws Ann. tit. 29, § 185a *et seq.*; Articles 1044, 1054-1060, of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, §§ 2994 and 3018-3024; Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142; and Sections 1, 8 and 16 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

Rosado (collectively, "defendants");[3] answered the complaint and filed a counterclaim against Príncipe for collection of monies, violation of a non-disclosure agreement, contractual interference, collusion, and breach of the fiduciary duties of an insurance broker. **ECF No. 15**.

On January 4, 2018, Príncipe filed a motion to dismiss defendants' counterclaim for lack of subject-matter jurisdiction, arguing that the counterclaim is a permissible counterclaim over which the Court lacks an independent basis for jurisdiction. **ECF No. 17**. Príncipe also argues that defendants' counterclaim is improper under Federal Rule of Civil Procedure 13 because the counterclaim explicitly alleges that Olympic—a health insurance company that at that point was not a party—is liable for the damages that defendants assert, yet defendants did not file a third-party complaint against Olympic. *Id.*

On January 4, 2018—the same day that Príncipe filed the motion to dismiss—defendants filed a third-party complaint against Olympic. **ECF No. 18**. The third-party complaint alleges that Insight Communications Corp. hired Olympic to handle all COBRA and ERISA compliance matters, "including the notification of COBRA offering to any and all eligible participant[s] which [sic] relationship had been terminated." *Id.* at 6. The third-party complaint further alleges that Olympic breached its contract with Insight when it allegedly failed to notify Príncipe of his COBRA rights, and, as a result, Olympic is liable to Príncipe for any damages that the Court may award for the alleged ERIA and COBRA violations.

---

[3] The Court distinguishes between Traksecure Corp. and the other named defendants because Traksecure Corp. filed a separate answer to the complaint and did not join third-party plaintiffs' counterclaim against Olympic. **ECF No. 16**.

On June 22, 2018, Olympic moved the Court to enter judgment on the pleadings and dismiss the third-party complaint, with prejudice. **ECF No. 38**. In sum, Olympic argues that "even taking as true the COBRA and ERISA violations asserted" in the complaint, defendant Insight was solely responsible for notifying Príncipe, or any other participant, of his rights or benefits under COBRA and ERISA. *Id.* at 2.

## II. Príncipe's motion to dismiss the counterclaim

Príncipe first argues that defendants' counterclaim should be dismissed because Federal Rule of Civil Procedure 13 "unambiguously provides for counterclaims exclusively against an opposing party," but Olympic is not a party to this action. **ECF No. 17** at 4. However, the same day that Príncipe filed its motion to dismiss the counterclaim, defendants filed a third-party complaint against Olympic, thus joining Olympic. *See* **ECF No. 18**. Furthermore, the counterclaim only names Príncipe as counter-defendant. Thus, defendants' third party complaint moots this argument for dismissal, as Olympic is now a party in the case.

Príncipe's second argument for dismissal is that the Court lacks subject-matter jurisdiction over the counterclaim because it is a permissive counterclaim—rather than a compulsory counterclaim—over which the Court lacks an independent source of jurisdiction because "it involves different statutes, a different set of facts, different evidence, and different parties." **ECF No. 18** at 7.

Defendants reply that their counterclaim is a compulsory counterclaim. **ECF No. 20** at 3-6. They further argue that, if the Court were to deem their counterclaim a permissive

counterclaim, current case law from the Court of Appeals for the First Circcuit has superseded the requirement that the Court have an independent basis of jurisdiction over a permissive counterclaim. Instead, the Court's jurisdiction over a permissive counterclaim is governed by the supplemental jurisdiction statute, 28 U.S.C. § 1367, in the same manner as a compulsory counterclaim. **ECF No. 20** at 6-9.[4]

Before the supplemental jurisdiction statute was enacted in 1990, "Some decisions . . . adopted a rule that federal courts could exercise supplemental jurisdiction over compulsory but not permissive counterclaims," unless the court had independent federal jurisdiction over the permissive counterclaim. *Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 85–86 (1st Cir. 2010) (citations omitted). However, the enactment of the supplemental jurisdiction statute "[abolished] the conceptual framework underpinning the old compulsory-permissive counterclaim distinction," *Id.* at 87. Instead, "Article III's case-or-controversy standard is the jurisdictional limit for counterclaims." *Id.* (citations omitted).

Under the supplemental jurisdiction statue, a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Although the meaning of "case and controversy" in

---

[4] Defendants' opposition to Príncipe's motion to dismiss the counterclaim is not a model of clarity. They incorrectly cite the supplemental jurisdiction statute as 18 U.S.C. § 1367—which governs "Interference with the operation of a satellite"—and their response seems to cite case law without properly identifying its sources. *See* **ECF No. 20** at 9 (writing "In so doing, we hold that . . ." without identifying the proper source).

Article III is a difficult question, in assessing whether a claim is part of the same case under Article III, courts look to "whether the claims arose 'from a common nucleus of operative fact.'" *Glob. NAPs, Inc.*, 603 F.3d at 88 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, (1966)). *See also TC Investments, Corp. v. Becker*, 733 F.Supp.2d 266, 285-86 (D.P.R. June 28, 2010) (recognizing the complexity in applying the case and controversy standard). That is, "considered without regard to their federal or state character, a [party's] claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725.

Here, defendants' counterclaims form part of the same case or controversy as Príncipe's claims, some of which are also subject to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. The counterclaim lists three causes of action. The first cause of action is for collection of monies, alleging that Príncipe owes them restitution for the commissions they advanced but that he never earned. **ECF No. 15** at 13. This cause of action is intimately related to Príncipe's fifth cause of action: that defendants failed to pay Principe salary, commissions and dividends that he had earned while working for defendants. **ECF No. 1** at 19.

The second counterclaim alleges that, after the termination of his employment, Príncipe contacted several of defendants' clients and provided them with confidential information and trade secrets in order to induce the clients to cancel or not renew their contracts with defendants. **ECF No. 15** at 14. This cause of action shares a common nucleus of operative fact with Príncipe's sixth cause of action, in which he claims that defendants defamed him after his employment was terminated by making comments to third parties that "affected his reputation with clients,

customers, business partners, and in the industry that [Príncipe] was involved." **ECF No. 1** at 20.

The counterclaim's third cause of action alleges that Príncipe was responsible for notifying Olympic when a health plan participant was terminated so that Olympic could properly notify that person of his rights and benefits under COBRA and ERISA. **ECF No. 15** at 15. The counterclaim further alleges that Príncipe breached this duty when he failed to notify Olympic of his own termination. *Id*. This cause of action shares a common nucleus of operative fact with Príncipe's first and second causes of action—the essence of his complaint and the basis of the Court's jurisdiction—which allege that defendants violated ERISA and COBRA by failing to adequately inform Príncipe of his entitlement to continued coverage after termination. **ECF No. 1** at 11-17. The counterclaim simply alleges that it was Príncipe who was responsible for notifying his own termination of employment.

All three of defendants' counterclaims share a common nucleus of operative facts, and judicial economy strongly favors that all these claims be tried together. The Court thus finds that it has supplemental jurisdiction over defendants' counterclaims. Príncipe's motion to dismiss the counterclaims, **ECF No. 17**, is **DENIED**.

### III. Olympic's motion for judgment on the pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a

motion to dismiss under Rule 12(b)(6)." *Marrero–Gutiérrez v. Molina,* 491 F.3d 1, 5 (1st Cir. 2007). The reviewing court must accept "all of the non-moving party's well-pleaded facts as true and draw all reasonable inferences in his favor." *Rezende v. Ocwen Loan Servicing., LLC*, 869 F.3d 40, 42 (1st Cir. 2017) (citation omitted). The Court need not, however, "accept the complaint wholesale; 'bald assertions' and 'unsupportable conclusions' are properly disregarded." *Butler v. Deutsche Bank Trust Co. Americas,* 748 F.3d 28, 32 (1st Cir. 2014) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (noting that the court reviewing a motion to dismiss is not required "to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited")). Dismissal on the pleadings is warranted "if it appears that the nonmovant could prove no set of facts that would entitle him or her to relief." *Díaz-Nieves v. United States*, 858 F.3d 678, 689 (1st Cir. 2017) (citation omitted) (likening a rule 12(c) analysis to a rule 12(b)(6) analysis).

The third-party complaint alleges that M2M and Insight ("third-party plaintiffs") contracted Olympic to serve "as a consultant on all compliance matters regarding its health insurance plan," and Olympic "was in charge of providing all COBRA right notifications to all eligible participants of Insight [sic] health insurance plan." **ECF No. 18** at 3-4. The third-party complaint thus charges that "Olympic . . . did not properly comply with their responsibility to notify Príncipe, [and] they shall be held responsible for any and all payments that Insight is ordered to pay for said alleged violation." *Id.* at 4.

Olympic moves the Court to enter judgment on the pleadings of the third-party complaint pursuant to Federal Rule of Civil Procedure 12(c) and dismiss the complaint, with prejudice, on the grounds that it was "never designated, delegated nor engaged by Insight, expressly or implicitly, to act as Plan Administrator of its health and welfare plan." **ECF No. 38** at 2. Olympic argues that "even taking as true the COBRA and ERISA violations asserted by [Príncipe], Olympic was not required to notify [Príncipe] of his rights and benefits under COBRA and ERISA. . . ." *Id.* Instead, Olympic argues that, because Insight was designated as the sole plan administrator, sponsor, and fiduciary, Insight was responsible for notifying Príncipe of those benefits. *Id.* Olympic also moves the Court to deem the Plan Document and the Summary Plan Description ("SPD") that Insight provided to its employees as incorporated in the complaint, and to consider the SPD when adjudicating the motion for judgment on the pleadings. **ECF No. 38** at 3-5.

"When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The third party plaintiffs do not oppose Olympic's argument that the SPD is incorporated into the complaint, and the Court finds that it is incorporated into the third-party complaint. Thus, the Court will consider it in adjudicating Olympic's motion for judgment on the pleadings.

In their response to Olympic's motion for judgment on the pleadings, third-party plaintiffs allege a litany of facts about their contracts with Olympic which they did not declare in the complaint. *See* **ECF No. 43** at 2-8. They also submitted nine exhibits in support of their opposition to Olympic's motion for judgment on the pleadings. **ECF Nos. 43-1 to 43-9**. However, they do not argue that these exhibits are incorporated into the complaint, and the Court will not consider them in adjudicating Olympic's motion. A response in opposition to a motion for judgment on the pleadings is unmistakably the improper vehicle in which to amend the complaint to include additional facts. In adjudicating a motion for judgment on the pleadings, the Court will not make factual findings, and will instead evaluate the facts alleged within the four corners of the complaint in the light most favorable to plaintiff. *See Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002). The Court will not consider facts alleged for the first time in a response to a motion for judgment on the pleadings.

Nonetheless, the SPD does not support Olympic's arguments for dismissal. Despite third-party plaintiffs' failure to adequately oppose the motion for judgment on the pleadings, "the mere fact that a motion [for judgment on the pleadings] is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnación v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003). The SPD is merely an informational pamphlet given to employees or plan participants to inform them of the plan's benefits. It is not an insurance policy or a binding contract between any parties, and

does not shed light on the existence or extent of any contractual relationship between Olympic and third-party plaintiffs, as alleged in the third-party complaint.

In sum, third-party plaintiffs have filed a complaint that survives Olympic's motion for judgment on the pleadings. The complaint clearly alleges that Insight contracted with Olympic; that Olympic was responsible for notifying Príncipe of his COBRA benefits upon his termination; and that Olympic did not fulfill this obligation. Furthermore, the SPD incorporated into the complaint does not release Olympic from the responsibilities alleged in the complaint. Olympic must wait until discovery produces the insurance contract or other evidence that shows its responsibility, or lack thereof, to notify Príncipe of his COBRA benefits upon his termination. Accordingly, Olympic's motion for judgment on the pleadings, **ECF No. 38**, is **DENIED.**

IV. **Conclusion**

In light of the above, Príncipe's motion to dismiss the counterclaim, **ECF No. 17**, is **DENIED**. Olympic's motion for judgment on the pleadings, **ECF NO. 38**, is **DENIED**. Furthermore, **ECF No. 40** is **GRANTED**, **ECF No. 41** is **DENIED**, **ECF No. 44** is **GRANTED**, **ECF No. 45** is **DENIED, ECF No. 47 is GRANTED,** and **ECF No. 48** is **GRANTED.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of September, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**